304 S.E.2d 336

**Patricia Joan GIBSON**

v.

**Branty Darrell GIBSON.**

**No. 15768.**

Supreme Court of Appeals of West Virginia.

June 22, 1983.

David B. McMahon, Legal Aid Soc., Charleston, for appellant.

W. Dale Greene, Charleston, for appellee.

PER CURIAM:

Patricia Joan Gibson appeals from a final order of the Circuit Court of Kanawha County awarding her a divorce on the grounds of irreconcilable differences but granting permanent custody of the two infant children of the marriage to her former husband. The trial court judge found both parties were fit to have custody but concluded that it was not possible to determine from the evidence which parent was entitled to custody under the "primary caretak-

er" test of *Garska v. McCoy,* 167 W.Va. 59, 278 S.E.2d 357 (1981). The judge therefore considered the totality of the circumstances and concluded that it would be in the best interest of the children to be placed in the custody of their father. The sole question presented by this appeal is whether the trial court's finding on the primary caretaker issue was clearly erroneous. We reverse and remand with directions.

 *Garska* is our leading case on the law governing the initial custody determinations for very young children. The law we established there was designed to minimize, if not eliminate, senseless, often counter-productive litigation about the custody of infant children, by creating a presumption that it is in the best interests of infant children to be placed in the custody of the parent who was their primary caretaker prior to the initiation of divorce proceedings, if such parent is otherwise fit. Syllabus points 2, 3, 4, 5, and 6 provide:

"2. With reference to the custody of very young children, the law presumes that it is in the best interests of such children to be placed in the custody of their primary caretaker, if he or she is fit."

"3. The primary caretaker is that natural or adoptive parent who, until the initiation of divorce proceedings, has been primarily responsible for the caring and nurturing of the child."

"4. In establishing which natural or adoptive parent is the primary caretaker, the trial court shall determine which parent has taken primary responsibility for the caring and nurturing duties of a parent."

"5. If the trial court is unable to establish that one parent has clearly taken primary responsibility for the caring and nurturing duties of a child neither party shall have the benefit of the primary caretaker presumption."

"6. In a divorce proceeding where custody of a child of tender years is sought by both the mother and father, the court must determine in the first instance whether the primary caretaker is a fit parent, and where the primary

caretaker achieves the minimum, objective standard of behavior which qualifies him or her as a fit parent, the trial court must award the child to the primary caretaker."

See also, *S.H. v. R.L.H.*, 169 W.Va. 550, 289 S.E.2d 186 (1982).

In addition to these now familiar legal principles, we identified several criteria to be considered by a trial court in determining which parent is the primary caretaker entitled to the *Garska* presumption:

"[T]he trial court shall determine which parent has taken primary responsibility for, *inter alia*, the performance of the following caring and nurturing duties of a parent: (1) preparing and planning of meals; (2) bathing, grooming and dressing; (3) purchasing, cleaning, and care of clothes; (4) medical care, including nursing and trips to physicians; (5) arranging for social interaction among peers after school, i.e. transporting to friends' houses or, for example, to girl or boy scout meetings; (6) arranging alternative care, i.e. babysitting, day-care, etc.; (7) putting child to bed at night, attending to child in the middle of the night, waking child in the morning; (8) disciplining, i.e. teaching general manners and toilet training; (9) educating, i.e. religious, cultural, social, etc.; and, (10) teaching elementary skills, i.e., reading, writing and arithmetic." *Id.* 167 W.Va. at 69–70, 278 S.E.2d at 363.

■ The two children in this case were ages seven and almost two at the time of the entry of the final order. The trial court's conclusion that it was impossible to determine which parent was the primary caretaker was predicated on the fact that both parents were employed some of the time after the children were born and had shared some of the homemaking and child-rearing responsibilities. In all deference to the learned and conscientious trial court judge, we think the evidence clearly shows that the appellant was the children's primary caretaker, that the care and nurturing duties were not shared in anything close to an equal way, and that the appellant is therefore entitled to the benefit of the *Garska* presumption.

A special divorce commissioner conducted three evidentiary hearings exclusively on the custody question. In his report to the circuit court, he found the appellant to be the primary caretaker prior to the divorce proceedings. The appellant testified that she was the primary caretaker of the children, that she prepared the children's meals, bathed them, groomed them, dressed them, and got up out of bed in the middle of the night to tend to their not infrequent needs; that her husband had performed these essential responsibilities only once or twice; that she shopped for the children's clothes, took them to the doctor's office, taught them basic knowledge concerning the alphabet, colors, numbers and the like; and that the husband never participated in these activities, although he occasionally disciplined the older child. The appellant's sister, who lived with the couple for about two months in 1977, and her niece corroborated appellant's testimony that she performed virtually all the child-rearing functions.

The appellee presented the testimony of a close friend who was a frequent visitor in the family home both before and after the separation. The friend stated that the appellant took primary care of the children and that when the appellant was at work she would sometimes have a babysitter at the house to watch the children, even though the husband was off work and at home. The appellee's mother, who may very well have been the appellant's best witness, said that while the couple were living together it was the appellant who did most of the cooking, the washing and ironing, and taking care of the children. She also testified that when both of them were at home the appellant took care of the children and did it well.

The preponderance of the evidence shows that the appellant was the primary caretaker of the infant children; the trial court was clearly wrong in finding that the evidence did not permit resolution of that issue in favor of the appellant.

Accordingly, the judgment of the Circuit Court of Kanawha County is reversed and set aside and the case is remanded with directions to enter an order awarding custody of the minor children to Patricia Joan Gibson.

Reversed and remanded.